## FOX *v.* BRISSAC.

A LANDLORD has no right to enter for a breach of covenant in the lease, and forcibly eject the tenant, the lease reserving no right of entry for such breach.

If the landlord does so enter and eject the tenant, the tenant may recover damages for the vegetables and grape vines growing on the land, and planted by the tenant, for sale, he not being permitted to enter and gather them.

APPEAL from the Twelfth District.

The *locus in quo* was owned by defendant at the time of the alleged

trespass, his title coming from Edwards & Hackett by conveyance, in August, 1859.

In November, 1853, Edwards & Hackett, being the owners, leased the premises to Miller for two years, the lease containing covenants, among others, that the lessee should not assign or underlet without the written consent of the lessors; and that if any of the covenants in the lease were violated, the lease should be null and void, at the option of the lessors.

Miller, without the consent of the lessors, assigned a portion of the premises to the plaintiff, who, at the time of the alleged trespass, was in possession under such assignment, and had growing crops, and grape vines in a nursery. At the time of this assignment, plaintiff knew of the terms and covenants of the original lease to Miller.

In June, 1854, the lease from Edwards & Hackett to Miller was canceled, the latter selling out to the former.

Plaintiff forcibly ejected defendant from the premises, and refused to permit him to gather the crops and grape vines he had planted.

The Court charged the jury that, if the plaintiff was in the peaceable possession of the premises, and the defendant forcibly ejected him and took possession, the plaintiff was entitled to recover; also, that there was no such forfeiture of the lease, or leasehold estate, as would authorize Edwards & Hackett, or those holding under them, to enter forcibly on the possession of the plaintiff; also, that, if the jury found for the plaintiff under the foregoing charges, he was entitled to recover the value of the growing crops and grape vines.

Exception taken.

Verdict for plaintiff, one hundred and fifty dollars; judgment accordingly. Defendant appeals.

*D. Lake,* for Appellant.

I.  The assignment of the leasehold estate by Miller to Fox, operated as a forfeiture of the lease, and gave the lessors and their assigns an immediate right of entry, (Taylor's Land. and Tenant, sec. 489, and cases cited in 491, *et seq.; Clark* v. *Cummings,* 5 Barb. 339, 356) and no notice to quit was necessary, in order to assert the lessors' right of reëntry. (*Garner* v. *Hannah,* 6 Duer, 262.)

II.  The landlord having the right to reënter for breach of the covenant not to assign, no action of trespass *quare clausum fregit* will lie against him for exercising that right forcibly. The only remedy is

under the statute concerning forcible entries and detainers, by virtue of which the person dispossessed may be restored to his possession, and the intruder punished for using force.  (*Ives* v. *Ives*, 13 John. 235; *Jackson* v. *Morse*, 16 Id. 235;  *Gault* v. *Jenkins*, 12 Wend. 488;  *Garner* v. *Hannah*, 6 Duer, 262; *Langdon* v. *Potter*, 3 Mass. 215;  *Sampson* v. *Henry*, 13 Pick. 36.)

But if the action is maintainable, still the Judge erred in his charge to the jury on the question of damages.

The growing grape vines were a part of the realty, and belong to the owner of the reversion.

Besides, the defendant did not destroy either the growing crop or the grape vines.   There was a simple entry and ouster, and the plaintiff was not permitted to reënter and gather his crops.   (*Case* v. *Shepherd*, 2 Johns. Cases;  *Holmes* v. *Seely*, 19 Wend. 507, cases.)

*Shattuck, Spencer & Reichert*, for Respondent.

I.   The landlord has no right to forcibly reënter for breach of covenants in a lease.   (Wood's Dig. 467, art. 2,525, sec. 1; Id. 469, art. 2,534, sec. 13; Taylor's Landlord and Tenant, sec. 531; also, note *a*, same page, citing *Sampson* v. *Henry*, 11 Pick. 379; *Newton* v. *Harland*, 1 Mann. & Green. 625; 1 Scott N. R. 491; 4 Kent, 119; 8 Ed. note *a; McCauley* v. *Weller*, 12 Cal. 500.)

II.   The grape vines were planted by the tenant in a nursery, and belonged to him.   (Taylor's Landlord and Tenant, sec. 546 and cases, 536 and cases; 2 East. 90; 7 Taunton, 191.)

BALDWIN, J. delivered the opinion of the Court—FIELD, C. J. concurring.

This was trespass brought by plaintiff to recover damages for an entry upon real estate in his possession.   The question involved is as to the right of the landlord to enter for a breach of covenant in the lease, and *forcibly* eject the tenant.

The early English authorities assert this right on the part of the landlord.   But modern decisions, and the reason and policy of the law, are opposed to it.   (See 4 Kent, 119; Taylor's Landlord and Tenant, sec. 531; *Sampson* v. *Henry*, 11 Pick. 379.)   The law gives ample redress, and a summary process for the vindication of the rights of the landlord in such instances; and no more reason is perceived for allowing this extraordinary mode for redressing personal grievances in the

case of real estate than in the case of chattels. To hold the doctrine contended for, would be of dangerous tendency, and lead to breaches of the peace and oppression.

We see no error in the charge, allowing a recovery for the value of the vegetables, and of grape vines growing in the nursery. The vines seem to have been planted for sale, and cannot be considered in any different relation to the freehold from crops of grain, etc.

Judgment affirmed.

On petition for rehearing, BALDWIN, J. delivered the opinion of the Court—FIELD, C. J. concurring.

Rehearing refused. To prevent any misapprehension from the original opinion, it is proper to state that the entry by this defendant, for which a recovery below was had, was under a lease to plaintiff, reserving no right of entry for a breach of the covenant, for which breach the defendant claims his right to enter and eject the plaintiff.